No. 27.—GEORGE HARGRAVES and others, plaintiffs in error, *vs.* FELIX LEWIS, defendant.

[1.] A writ of error will not be dismissed because the same cause has been previously before the Supreme Court, where the error assigned is different, and the objection not raised or pleaded in the Court below.

[2.] When a decree is rendered in favor of A against B and C, B in a bill filed to review that decree, is entitled to make C a party complainant, without his authority, and against his wishes.   In such case, however, C is entitled to sever.

[3.] A party may use the name of another person, as plaintiff in a suit, without his authority or consent, upon indemnifying him for costs, if the use of such person's name is necessary to the assertion of his legal rights.

In Equity, in Muscogee Superior Court, November Term, 1848.

Felix Lewis filed his bill, returnable to the Superior Court of Muscogee County, alleging that many years previously, he had borrowed $3,000 of George W. Hargraves, at the usurious rate of 14⅓ per cent. per year; that after several annual renewals at the same per cent. being about to move to Mississippi, at the request of Hargraves he procured his father and brother, who had been his sureties, to make their joint note, in renewal of his, and procured thereon the indorsement of William L. Wynn, but charged that complainant was the real debtor; that said note, by renewals at the same usurious rate of interest, finally amounted to some $10,500; that suit had been instituted and judgment confessed by Wynn, as indorser, who was charged to be colluding with Hargraves; that Wynn was about to be forced to pay the same, and would then seek to recover the same from Lewis.

The bill tendered the original loan of $3,000, with lawful interest thereon.   The bill prayed a perpetual injunction against the suit against Wynn.

Hargraves answered the bill, admitting the usury and the renewals, but denied that he requested the change of the note from Lewis to his father and brother; or that since that time, he had looked to Felix Lewis as his debtor.   He denied all collusion with Wynn.   Wynn never answered the bill.

Before the return day of said bill, in vacation, *Judge Sturges,* the presiding Judge of said circuit, made the following order in said cause.

"In the above case, the sum of six thousand five hundred dollars having been tendered in satisfaction of the judgment of Hargraves *vs.* Wynn, and the said sum having been deposited in the hands of the Clerk, it is ordered that the same be paid to the attorney of George Hargraves, in full payment of said judgment, unless the Court should decide that the complainant is bound to pay an additional sum, as interest on interest."

Afterwards, on 6th day of September, 1844, in vacation, and before the return day of said bill, the said Judge passed an order, making the previous order final and conclusive.

Afterwards, during the return term of the bill, the said Judge passed an order making the injunction perpetual.

In 1848, a bill was filed in the names of Hargraves and Wynn, against Lewis, for review of the former bill for error on the face thereof, setting forth all of the foregoing facts.

At November Term, 1848, Wynn moved to have his name stricken out and he discharged from the said bill, because inserted and used without his knowledge and consent.

Upon a hearing the Court granted the motion, and that decision is now before this Court for review.

H. Holt and J. Johnson, for plaintiff in error.

M. J. Wellborn and H. L. Benning, for defendant.

Jas. Johnson, for plaintiff in error.

All persons interested, must be made parties to the bill.   *Story's Equity Pleadings,* 72.

Hargraves and others *vs.* Lewis.

All parties to the original bill, must be made parties. 3 *Dan.* 1725. 8 *Peters*, 362. *Story's Pl.* 409.

The answer of Hargraves, as also the bill, shows that Wynn is in privity with and united with Hargraves, and therefore properly a party to the bill of review, being a continuation of the original bill. 1 *Daniel's Practice*, 349.

A bill of review is in the nature of a writ of error. *Story's Eq. Pl.* 403.

A writ of error must be prosecuted in the name of all the parties, though some be unwilling. 2 *Saunders*, 281. *Jacques vs. Ceasar*, 1 *Stewart & Porter*, 253. 2 *Ib.* 24. 11 *Mass.* 379.

The judgment should have been one of severance, allowing the plaintiff Hargraves to assign error on the hearing, and not striking his name.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The final order passed by the Circuit Judge, in the original bill, filed by Lewis against Hargraves and Wynn, came before this Court for review, and was affirmed. 3 *Kelly*, 162. A preliminary motion is made in this case, to dismiss the writ of error, upon the ground that it is apparent upon the record, that the Supreme Court has, in the previous case, decided upon the merits of the decree now sought to be reviewed, and it will not now entertain a writ of error, founded on a bill to review that decree. We refuse that motion. The error complained of in this bill grows out of a decision, not upon the merits, not affecting the decree sought to be reviewed, but in relation to a preliminary question. A motion was made to dismiss one of the parties complainants (Wynn) from the record, at the first term of this bill of review, and of course before it was ripe for a hearing, because he was made a party without his consent and against his wishes. His name was, upon that motion, stricken. That is the decision excepted to now as erroneous. The plaintiff in error is entitled to the judgment of this Court upon that assignment. No question is made upon this record, as to the effect of the previous judgment of this Court. We therefore express no opinion, whatever, upon it. We leave the parties to their rights under that decision, in the Court below. It will be time enough to determine the effect of our previous judgment upon this bill, when it is regularly brought (if ever brought) before us.

[2.] The effect of the order to strike the name of Wynn from this bill, is to dismiss him as a party—it is not an order of severance. It removes him altogether from the record, and so removed, whatever decree may be finally rendered in this cause, would not be binding upon him. That he has a right to sever, we have no doubt. As in a writ of error, to which a bill of review bears some resemblance, one of two plaintiffs in error may sever and decline to assign error; so here, one of these complainants may sever and decline to litigate with the defendant. 8 *Johns. R.* 558. 2 *Sellon's Practice*, 404. 1 *Stew. & Port.* 253.

In a bill of review, all the parties to the decree must be made parties; and they must be made parties in the order in which they are parties to the decree sought to be reviewed. It is a general rule that one cannot complain against a decree rendered in his favor; nor can a party be made defendant to a bill of review, filed by one against whom, with himself, the decree was rendered. These propositions have relevancy to the point now before me. This record presents the question to be decided, in a novel aspect, and is not free from embarrassment. This cause illustrates the infinite variety of forms in which it becomes necessary for Courts of Justice to apply general principles; it is a case which must be decided without authority, as no case similar in its facts was read at the argument, and I have found none, after diligent search. It would seem, at first view, that in the judgment we render, one at least, of the rules of pleading above laid down, is contravened. But a careful legal view of the case, as presented by the record, will, I think, remove that impression. The facts detailed in this bill, are briefly these : Lewis filed his bill against Hargraves and Wynn, setting forth these facts, among others : That he was indebted to Hargraves for an usurious loan of money, by note; that being about to remove from the State, with Hargraves' consent, his note was taken up, and in place of it, Hargraves accepted a note made by his father and brother, with Wynn as indorser; that notwithstanding this substitution, he, Lewis, was the real debtor and the principal in the transaction; that after several renewals of this last note, at usurious interest, suit was instituted by Hargraves against Wynn, the indorser, by collusion between Hargraves and Wynn; the object of which collusion was for Hargraves to collect the usury out of Wynn, and then for Wynn, as surety, to go upon him, Lewis, as prin-

cipal, to be re-imbursed, and thus (is the inference) defeat his (Lewis') right of defence against the usury. The bill proceeds to charge, that in pursuance of this fraudulent combination between Hargraves and Wynn, the latter confessed a judgment to the former, for the whole amount of principal and usurious interest; judgment was entered and execution issued for that sum. A tender of the principal borrowed and lawful interest is made, and the prayer is for relief, discovery and perpetual injunction of the execution in favor of Hargraves against Wynn. The money tendered being brought into Court, the Chancellor ordered that it be received in full satisfaction of the judgment, and that the execution be perpetually enjoined. This is the order or decree which this bill seeks to review. To this bill Wynn is made a party complainant with Hargraves, and denying the authority of complainant's solicitor to bring it in his name, moves the Court to be dismissed therefrom. Upon that application he is dismissed, and thus the question is made.

[3.] In *Fain vs. Gathright*, (5 *Ga. R.* 7,) this Court held that, "Where it is apparent to the Court that the use of a person's name is important to the rights of a party, and such person is sufficiently indemnified, it is right and proper that he be made and retained a party." As in that case stated, a man has no right to make another a party to his litigation capriciously, but where it is necessary to the assertion of his rights in a Court of Justice, he may do so upon indemnifying him for costs. The indemnity for costs was tendered in this case. Such, then, is the general rule. According to that rule, it must be *necessary to the assertion of the party's rights*, or else he cannot use the name of another against his consent. The first inquiry, then, is this: is it necessary to the rights of Hargraves that Wynn should be joined with him as complainant in this bill of review? The decree which Hargraves wishes to review, is rendered in favor of Lewis, sole complainant against both Hargraves and Wynn, who were both defendants. The effect of that decree is to satisfy and forever enjoin an execution in favor of Hargraves against Wynn. Hargraves wishes a reversal of that decree, that when reversed he may proceed to collect his money on that execution. Upon the assumption now, that he is entitled to that reversal, (for we are compelled to go upon such an assumption,) can he get it without making Wynn a party? Wynn, as defendant in the execution,

stands protected by the injunction; the decree of satisfaction and injunction discharges him from liability upon it, for all the balance of the debt over and above the principal and legal interest. He is therefore, in fact, interested; and being interested upon general principles, must be made a party; if not a party, a decree of reversal would do Hargraves no good, for it would not bind Wynn; he would still stand protected by the original decree; he must there be made a party plaintiff or defendant, in order that Hargraves may get his rights. Again, it is an invariable rule, that in bills of review, all who are parties to the decree to be reviewed, must be brought before the Court as parties. Upon this rule, it is necessary to Hargraves that he be made a party; if he is not, the bill of review would be demurrable, and Hargraves would be defeated. If indispensable to Hargraves that Wynn be a party, could he make him in this suit, a party defendant? If this were not a bill of review, and Wynn could be supposed to hold the relation to the parties that he does, that is, if required to be made a party upon the score of interest, in a contest between Hargraves and Lewis, he certainly could and ought to be made a party defendant; but we are to rule this case according to the principles which govern bills of review, and apply them according to the position which these parties occupy upon the record. Outside of the record, it is true, that Wynn may be considered as benefited by the decree; it operates in his favor; it protects him whilst unreversed, from liability to pay the execution which it enjoins. But how stands this decree on the record? The bill of Lewis is filed against Hargraves and Wynn—they are co-defendants. It charges a fraudulent combination between them to the injury of the complainant; the issue is between him and them; the decree stands on the record in his favor against them; the record defines its character and demonstrates who are parties to it. Not only so, but it shows on which side of the decree they stand. The decree is illustrated by the bill upon which it is rendered; we can therefore only say, that the decree is in favor of Lewis against Hargraves and Wynn. If this be so, and if the rule is imperative, that in bills of review, all who are parties to the decree must be parties to the bill; and if it is as we hold it, a legal absurdity, that one can be a party defendant to a bill which seeks to review a decree which is against himself, then it follows that Hargraves cannot assert his legal rights by a bill of review, against a decree

against himself and Wynn, without making Wynn a party complainant. How else, by the rules of pleading, can Hargraves be heard in review of that decree? Without this, he is remediless. We are not disposed to deny him his day in Court. Wynn, according to the view we take of the decree, does not complain against a decree in his favor; it is against him. We will allow him to sever, but reverse the judgment dismissing him from the record.