Reynolds *vs.* Lyon.

No. 40.—WILLIAM REYNOLDS, plaintiff in error, *vs.* THOMAS LYON, defendant.

[1.] Where there is no process nor waiver of process, to a declaration, a judgment rendered thereon is void; otherwise, where there is a waiver of copy and process.

[2.] Not necessary, in a suit to revive a dormant judgment, for the plaintiff to prove that an execution issued thereon is not vital and effective. If such be the fact, it is a matter of defence.

Attachment, &c. in Baker.    Tried before Judge ALLEN,, May Term, 1856.

Thomas Lyon sued out an attachment against William Reynolds, founded upon which a declaration was filed declaring upon two judgments alleged to have been obtained by the plaintiff against the defendant, one for $79 principal debt, $85 70 interest and costs of suit, and the other for $59 50 principal, $9 24 interest and costs.    Both judgments obtained at the October Term, 1840, of Lincoln Superior Court.,

Upon the trial the plaintiff offered in evidence exemplifications of the said two judgments.    To which defendant objected, on two grounds—

1st.   "Because defendant had never waived process, that process had never been attached, and that said judgments were therefore void."

2d.   "Because the exemplifications showed that *fi. fas.* had been issued on each judgment; and that though they were apparently dormant, could not be offered in evidence until said *fi. fas.* were produced or were shown to be dormant; also, for the want of proper entries."

The exemplification offered in evidence showed, in the suit which resulted in the first named judgment, this acknowledgment of service :

" I acknowledge service on the within writ.
                                        WM. REYNOLDS."

And in the second, this :

" I acknowledge due and legal service of the within writ,, and waive copy and process.        WM. REYNOLDS."

No original process in either case.

In the first case, a *fi. fa.* is shown to have issued on the 14th Nov. 1840.

In the second, on the 10th Nov. 1840 ; and nothing further appears in either case, with reference to these *fi. fas.*

The Court below over-ruled both objections, holding—

1st. That there was a sufficient waiver of process in both cases.

2d. That said exemplifications were sufficient to authorize plaintiff to recover without producing the *fi. fas.* To which defendant excepted.

Plaintiff then read these exemplifications in evidence and closed. The defendant offered no testimony. Verdict for plaintiff. Defendant assigns error upon the two points decided.

W. E. SMITH, for plaintiff in error.

STROZIER & SLAUGHTER, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] There was no process to the declaration in the original case in Lincoln County, in which a judgment was rendered for seventy-nine dollars. There was no waiver of process by the defendant. The whole proceedings, in this case, are void for the want of process under the Judiciary Act of 1799, and it is not aided by the Act of 1840. *Little vs. Ingram et al.* (16 *Ga. R.* 194.) The Court, therefore, erred in admitting in evidence the exemplification of that judgment.

There was a waiver of copy and process in the other case, and the exemplification of that judgment was properly admitted. (*Ibid.*)

[2.] The objection to the exemplifications, on the ground that they showed the issuance of executions on the judgments, and did not show that the executions were dormant, was rightfully over-ruled by the Court.

Writs of *fi. fa.* were issued in November, 1840. It was no objection to the admissibility in evidence of the record of the

judgments, that it did not show that the executions were dormant. It did not show that they had been returned. If the judgments had been satisfied, or were still vital and effective, it was a matter of defence.

The judgment of the Court below must be reversed, and a new trial is ordered, unless the plaintiff shall remit the amount of the judgment, principal, interest and costs, the exemplification of which was improperly admitted in evidence; and it is adjudged that the defendant in error pay the costs of prosecuting the case in this Court.