## CARTER *vs.* PENN *et al.*

1. While the declaration in this case is crudely drawn, there would seem to be enough to authorize a judgment to be entered upon it. At least there was enough to amend by; and an amendment in the form prescribed by the code for suits on promissory notes, cured whatever defects there might have been in the original declaration.

(*a*). While there is no order of the court in the record, yet where it appears that it was filed by the clerk on the day the judgment bore date and before such judgment was taken, this is sufficient, especially as the judge acted thereon by awarding a judgment, and the executor, who was the defendant in the suit and who is still in life, does not appear to make any objection to the declaration or judgment.

2. A waiver entered on the back of a declaration in these words, "I acknowledge due and legal service and waive copy, process, etc.," signed by the defendant, was sufficient to waive process; and a judgment entered thereon was not void because no process was attached to the declaration or the amendment.

3. The declaration and the amendment being sufficient to authorize a judgment, and there being a legal waiver of process, a judgment, though entered against the executor instead of *de bonis testatoris*, was sufficient to prevent the statute of limitations from running against the debt of the testator; and an amendment of the judgment so as to make it read *de bonis testatoris* instead of *de bonis propriis*, made it a valid judgment against the estate.

4. Judgments obtained against an administrator or executor after the death of the intestate or testator, rank no higher than the demands on which they are founded. Therefore, where two judgments were obtained against an executor upon promissory notes given by him in his lifetime, one would not take precedence of the other

by reason of being first obtained, but they would share *pro rata* in the distribution of a fund raised from the sale under execution of lands belonging to the estate of the testator.

January 20, 1888.

Pleadings. Amendment. Practice in Superior Court. Waiver. Process. Judgments. Administrators and Executors. Statute of Limitations. Liens. Money Rule. Before Judge JENKINS. Jasper Superior Court. April Term, 1887.

Reported in the decision.

F. JORDAN, by HARRISON & PEEPLES, for plaintiff in error.

KEY & PRESTON, by brief, for defendants.

SIMMONS, Justice.

Joseph Penn died some years prior to 1869, testate. Berry T. Digby qualified as his executor. Digby died in 1879, testate, and J. T. Lewis qualified the same year as his executor. When Joseph Penn died, he owed Stephen A. Penn and Russell J. Brown certain promissory notes. At the April term, 1870, Brown commenced suit on his notes, and obtained a judgment thereon at the August term, 1872. At that term, and before judgment was obtained, he amended his declaration, the amendment being the form prescribed in the code for suit on promissory note. Stephen A. Penn sued on his notes, and obtained judgment at the August term, 1873. Stephen A. Penn died, leaving Fanny Penn, his wife, sole heir. Brown died, and his widow administered on his estate. In the distribution of the estate, she got this judgment against Joseph Penn. She subsequently married Carter. There were entries made upon each of the *fi. fas.*, so as to keep them alive. Mrs. Penn's *fi. fa.* was levied on a certain tract of land in Jasper county, on the 7th of December, 1880 ; and it seems from the record that the land was not

sold until the first Tuesday in January, 1883, and Mrs. Penn became the purchaser at the sheriff's sale. Mrs. Carter placed her *fi. fa.* in the hands of the sheriff, and claimed the money. Her judgment and *fi. fa.* were found to be defective, in that the judgment was entered up against Berry T. Digby, executor of Joseph Penn, and not against the goods and chattels, lands and tenements, of Joseph Penn, which were in the hands of the executor to be administered. At the April term, 1883, she obtained a rule against the executor of Digby, to show cause why the judgment should not be amended and entered up *de bonis testatoris.*

No cause having been shown at the October term, 1883, the judgment was so amended. Mrs. Carter brought a rule against the sheriff, reciting that she had the older judgment, and that the sheriff refused to pay the money arising from the sale of the land of Joseph Penn to said judgment. Mrs. Penn was made a party to that rule, and she joined issue with Mrs. Carter, and claimed that she was entitled to the money, and Mrs. Carter was not entitled, (1) because, she says, at the time said land was sold, Mrs. Carter had no legal *fi. fa.* nor judgment against the estate of Joseph Penn; (2) that if by amendment of her said judgment and *fi. fa.* after the sale of said land, the defects in them were cured, and the judgment and *fi. fa.* made legal, the same could not take lien, or be, or thereby become, valid, so as to prevail against the judgment and *fi. fa.* of Mrs. Penn, or otherwise reach said fund; (3) because Mrs. Carter's judgment and *fi. fa.* were void, and could have no force or effect, because the judgment was founded on no suit, there being no legal declaration and no process attached to said suit; nor did Digby, the executor, waive process; therefore the court had no jurisdiction to render a judgment in said case; (4) because said judgment was rendered at the term to which the only declaration that was filed was returnable, and that without any process issued, or waiver of process by plea or otherwise.

By agreement of counsel, the presiding judge tried the case without the intervention of a jury. The foregoing facts were put in evidence before him. After hearing the same, he directed the money to be paid upon the *fi. fas.* of Mrs Penn, and ruled that Mrs. Carter's judgment and *fi. fa.* were not entitled to any of the funds. The main questions argued before us are (1) as to the sufficiency of the original declaration filed by Brown against Digby; (2) as to whether process was waived by Digby. It was contended by counsel for the defendant in error that the original declaration filed by Brown was void, and that the amendment filed at the term at which judgment was entered up was also void, because there was nothing to amend by.

The following is a copy of the original declaration:

" GEORGIA,    ⎱ To the superior court of said county, April term,
JASPER COUNTY, ⎰    1870.—GREETING.

"Russell J. Brown *vs.* Berry T. Digby, executor on the estate of Joseph Penn, deceased.

" The defendant is hereby notified and required, personally or by attorney, to be and appear at the next superior court to be held in and for said county on the fourth Monday in April next, then and there to answer the plaintiff's demand in an action of debt on two promissory notes, a copy of which is hereunto annexed, as in default thereof, the court will proceed as to justice shall appertain.

" Witness the Honorable —— Robinson, one of the judges of the superior courts of said State, this December 31st, 1869."

RUSSELL J. BROWN.

"Copy of note sued on:

" MONTICELLO, December, 30, 1862.

" One day after date I promise to pay R. J. Brown, or bearer, one hundred and eighty 14-100 dollars value received.

"Witness my hand and seal.        JOSEPH PENN. (L. S.)

"$130.

By the first day of January next, we or either of us promise to pay R. J. Brown or bearer one hundred and thirty dollars for the hire of a negro boy, Tobe, for the balance of this year, which boy we are to furnish two suits of winter and two suits of summer clothing, two blankets and two pairs of shoes and one wove hat. February 4, 1861.

JOSEPH PENN,
W. R. BARNES."

1. The code requires that the "charge or demand" of the plaintiff shall be "plainly, fully and distinctly" set forth, "and no want of form shall be cause of delay, if this article is substantially complied with." Code, §3332. It will be seen, by reading this paper, that it states the venue, is addressed to the superior court of the county, stating when that court would be held, calls on the defendant to appear thereat and answer the demand of the plaintiff in an action of debt on two promissory notes, and annexes thereto a copy of the notes. While this paper is crudely drawn, and is in substance in the form of a summons in a justice's court, we are inclined to think it is sufficient, under our code, to authorize a judgment to be entered thereon. The defendant, upon reading the paper, would certainly be informed that suit had been commenced against him on the two notes which had been given by the testator.

If we should be wrong, however, in this view, we hold that the amendment filed at the term of the court before this judgment was taken, cured whatever defect might be in the original writ. It is true the judge who tried this case below seems to have put his judgment on the ground that this amendment was not allowed by the court; but the record shows that it was marked filed by the clerk on the very day the judgment bore date ; and while there is no order in the record allowing the amendment by the court, we think the filing of it before the judgment was sufficient, especially as the judge acted thereon by awarding a judgment. It appears from the record that the executor representing this estate is still in life, and the record does not disclose that he makes any objection to this declaration or the judgment entered thereon.

2. The next objection was that there was no process to the declaration or amendment, nor waiver thereof. The following waiver was on the back of the original declaration : "I acknowledge due and legal service, and waive copy, process, &c." (Signed by Digby, the executor.) We hold that this was a sufficient waiver of process by the

defendant. It waives a copy of the declaration, and waives process to the declaration; and the words "&c.," in the absence of anything to the contrary, mean, in our opinion, waiver of the copy process which was to be issued by the clerk. In the case of *Reynolds vs. Lyon*, 20 *Ga.* 225, these words were held to be sufficient: "I acknowledge due and legal service of the within writ, and waive copy and process."

3. The declaration and amendment being sufficient to authorize a judgment, and there being a legal waiver of process, the judgment entered was sufficient to prevent the statute of limitations from running against the debt owed by Joseph Penn to Brown; and the amendment of the judgment making it read "*de bonis testatoris*," instead of *de bonis propriis*, made it a valid judgment against the estate of Joseph Penn.

4. Counsel for the defendant in error contend that the amendment thus made after the sale of the property, could not relate back to the original judgment so as to participate in the distribution of the fund, and that, if it was a good judgment after amendment, it only took lien on the funds from the date of the amendment, and therefore Mrs. Penn's judgment was the older and entitled to the money. The error into which the counsel and the court below seem to have fallen was in giving precedence to one judgment over another. The record discloses that all these judgments were obtained against the executor of Joseph Penn, and were founded upon promissory notes given by Joseph Penn in his life time. This being true, one judgment has no priority over another, whatever its date might be. The promissory notes on which they are founded, were of equal dignity in the distribution of the estate. Code, §2533, sub-section 7. If they were of equal dignity at the time of the death of the testator, a judgment on one before the other did not give the first judgment superiority. "Judgments obtained against the administrator after the death of the intestate, rank no higher

than the demands on which they are founded." *Davis vs. Smith*, 5 *Ga.* 274.

In this case, Mrs. Carter's judgment is a year older than Mrs. Penn's; but we hold, for the above reasons, that her judgment ranks with Mrs. Penn's. This fund being the proceeds from the sale of lands belonging to the estate of Joseph Penn, and the executor never having been discharged and still representing the estate, and these two debts being of equal dignity, we rule that they should share *pro rata* in the distribution.

Judgment reversed.