## KELLEY & McWILLIAMS *et al. v.* TERHUNE, NIXON & COMPANY *et al.*

When a decedent in his lifetime assented to the correctness of an account rendered him, it became, after such assent, a liquidated demand, and as such entitled to rank with promissory notes in the payment of the decedent's debts.

Submitted April 5, — Decided April 27, 1901.

Distribution of money.　Before Judge Janes.　Haralson superior court.　December 17, 1900.

*Edwards & Ault,* for plaintiffs in error.
*Head & Head* and *E. S. & G. D. Griffith,* contra.

COBB, J.　The receiver of the estate of Bullard, a decedent, prayed for direction as to the manner in which he should apply the fund in his hands as between two classes of creditors; one of these classes, the holders of promissory notes for sums exceeding the amount of the fund, objecting to the payment of any part of the claims of the other class, whose debts were evidenced by accounts, on the ground that the accounts were not liquidated demands; while the creditors of the latter class contended that their claims should be treated as liquidated, and that they should receive a percentage of the fund equal to that received by the creditors holding notes.　The court, to whom the case was submitted for determination without a jury, sustained the contention of the creditors holding accounts, and directed that the receiver pay them a percentage equal to that paid to creditors holding notes; and to this the latter excepted.

Paragraph 8 of section 3424 of the Civil Code provides that all "liquidated demands," including, among other things, "promissory notes, and all debts the amount due on which was fixed and ascertained or acknowledged in writing prior to the death of the decedent," shall have the same rank in the payment of his debts. From the evidence it appeared that Bullard, the decedent, had been a merchant, and that on his books were entries of bills of goods sold the deceased by the defendants.　The accounts were opened for the purpose of showing purchases and payments by the deceased in the course of his business.　All purchases and payments made up to his death were entered on the books.　Deceased received statements from all of the defendants showing amounts he owed them.　He knew of these statements and made no objection to them.　The en-

tries were made on the books at his request, and he referred to the books to verify the correctness of the accounts. The reception of the statements by the deceased without objection and his conduct with reference thereto amounted to an agreement on his part that the statements of his accounts as rendered by his creditors were correct. This being so, the amounts due on the accounts became "fixed and ascertained," within the meaning of the section of the code above cited. Assent to the correctness of the accounts made them liquidated demands. *Anderson* v. *State*, 2 *Ga.* 375 ; *Bartee* v. *Andrews*, 18 *Ga.* 407 ; *Field* v. *Reid*, 21 *Ga.* 327. As such they were entitled to rank with promissory notes in the payment of the debts of the decedent.

Whether under the evidence the amounts due the account creditors could be treated as having been "acknowledged in writing" by the deceased, because entered on his books at his request, it is not necessary to decide. In this connection, however, see *McNulty* v. *Pruden*, 62 *Ga.* 135, 139.

*Judgment affirmed.    All the Justices concurring.*