2022. NETZOW MANUFACTURING COMPANY v. SOUTHERN RAILWAY COMPANY.

1 A warehouseman or depository for hire is, when sued for the loss of the goods or for failure to deliver them on demand, under the burden of showing that he used ordinary care and diligence to protect the property, and that the loss of them nevertheless occurred. Where the case presents the issue whether the bailee did or did not use common prudence in protecting the property, proof of any fact tending to show that such a state of conditions existed as to put the bailee under the duty of exercising greater cautionary activity than he displayed is admissible in behalf of the bailor.

2. When such a state of facts exists that one person has the right to use the name of another as nominal plaintiff, suing for the former's use, admissions in the pleadings (prosecuted solely for the benefit of the usee) are not ordinarily admissible in evidence against the nominal plaintiff in another action between the latter and a third person.

Complaint; from city court of Elberton—Judge Tutt. June 7, 1909.

Argued November 19,—Decided December 10, 1909.

*J. T. Sisk, C. P. Harris, Z. B. Rogers,* for plaintiff.

*A. G. & Julian McCurry, T. J. Brown, George C. Grogan,* for defendant.

POWELL, J. The suit was for the value of a piano which the defendant had transported to destination as a common carrier and had deposited in its warehouse. The proof showed that the piano was left by the plaintiff in the warehouse such a length of time after its arrival at destination as to make the railroad company liable as ordinary bailee for hire, or as warehouseman. The com-

pany's defense was that the property was destroyed by fire, not occasioned by its negligence. The proof showed that the fire originated in cotton stored on the platform of the warehouse, and was communicated therefrom to that portion of it in which the piano was stored. The fire was discovered about 2 o'clock in the morning. The company's agent locked the building as usual when he left that night, and no indication of anything likely to set fire to the building or cotton was apparent at that time. The warehouse and cotton platform were located between the parallel tracks of the defendant company and of the Seaboard Air-Line Railway. Trains were passing during the day and night on the latter track. The defendant company kept no watchman, and no buckets or tanks for the extinguishment of fires. The property was in a city with waterworks and fire protection. An engine of the defendant company came in about 7 o'clock in the evening and stopped on the track near the cotton platform, but at the time the fire was discovered the engine was "dead," that is to say, its fire had died down, leaving it without steam. The platform on which the cotton was stored had neither sides nor overhead covering. The fire occurred on February 17. The plaintiff offered to prove that previously during the same month other fires had originated in the cotton stored on the platform, but the court rejected the testimony. This affords the basis for the main exception in the record.

1. There was evidence that the railroad company was demanding storage charges for warehousing the piano. It was therefore a bailee for hire; and proof of the loss of the goods placed on it the burden of showing that it had exercised ordinary care and diligence in protecting them. Civil Code, §§ 2896, 2930. Negligence may consist in the bailee's having left the property unguarded, where it would be exposed to a danger from hire which an ordinarily prudent person would have anticipated under all the circumstances proved. *Zorn* v. *Hannah,* 99 *Ga.* 634 (25 S. E. 829). Proof that other fires had recently originated in the cotton on the platform was a circumstance which the plaintiff had a right to present to the jury, in connection with the other facts, in order that the jury might determine whether the defendant's cautionary activities had fulfilled the measure of ordinary care and diligence. Cf. *Wheeler* v. *Albany Ry. Co.,* 4 *Ga. App.* 439 (61 S. E. 839). The court, therefore, erred in rejecting the testimony so offered.

2. The plaintiff tendered in evidence a suit brought by an insurance company (using the name of the Southern Railway Company as nominal plaintiff, suing for the use of the insurance company) against the Seaboard Air-Line Railway, in which it was alleged that a locomotive of the Seaboard Railway had negligently set fire to the cotton on the platform.   As it appeared that the insurance company had paid the Southern Railway Company for the loss of the cotton and had become subrogated to its right of action against the Seaboard Air-Line Railway, if any existed, the statements made in the pleadings were not chargeable to the Southern Railway Company as admissions.   Cf.   *Fain* v. *Garthright, 5 Ga.* 6 (1); *Hargraves* v. *Lewis, 6 Ga.* 211; *Calhoun* v. *Tullass, 35 Ga.* 119 (2), 124.                          *Judgment reversed.*