### JASPER COUNTY BANK *v.* RAINEY BROTHERS *et al.*

BECK, J. 1. Adams as administrator of Walker, deceased, filed a petition alleging that the estate of which he was administrator was insolvent. Among the creditors named were the firm of Rainey Brothers and Jasper County Bank, the former being creditors upon an open account which they asserted was a liquidated demand, because the account had been exhibited to Walker and by him acknowledged to be correct, and to secure its payment Walker had promised to give a mortgage upon his crops, and only delayed the execution of the mortgage because the crops were not up. There was evidence to support the contention of the open-account creditors. *Held*, that the court, to whom the case was submitted for trial without the intervention of a jury, did not err, under the ruling in the cases of *Kelly* v. *Terhune*, 113 *Ga.* 365 (38 S. E. 839), and *Third National Bank* v. *Strauss*, 135 *Ga.* 324 (69 S. E. 482), in holding that the claim of these creditors was a liquidated demand and ranked in priority with promissory notes. The decisions in the two cases just cited having been made by a bench of six Justices, and there being less than six Justices participating in the decision of the present case, the motion to review and overrule those decisions can not be considered.

2. The administrator who filed the application for direction was the agent of Rainey Brothers. He had presented their open account to Walker, had heard his acknowledgment and admission as to the correctness of the account, and had received a promise from him that he would execute

a mortgage to secure the payment of the same. Over objection duly made on the ground that he was an incompetent witness, under the provisions of section 5858, par. 1, of the Civil Code, as to transactions and communications between him and the deceased Walker, he was permitted to testify as to the acknowledgment and promise made by Walker, already mentioned. *Held*, that there was no error in admitting this testimony. This was not a suit instituted or defended by the personal representative of a deceased person, in the sense in which the word "suit" is used in section 5858, par. 1, of the Civil Code. And, moreover, Adams as administrator was not interested in the result of the proceedings; his only interest being that of a mere stakeholder, and his position being analogous to that of a party entitled to maintain an equitable petition for interpleader.

3. The newly discovered evidence was not such as would probably cause a different result on another trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 13, 1916.

Petition for direction; intervention. Before Judge Park. Putnam superior court. December 30, 1914.

*Doyle Campbell,* for plaintiff in error.

*W. F. Jenkins, M. F. Adams,* and *S. T. Wingfield,* contra.