8841. STORY, administratrix, *v.* WOLFF *et al.*, executrixes.

BLOODWORTH, J. 1. The assignment of error in the bill of exceptions is sufficient to give this court jurisdiction. *Laurens Cotton Co.* v. *American Trust & Banking Co.,* 20 *Ga. App.* 348 (93 S. E. 43); *Savannah Trust Co.* v. *National Bank,* 16 *Ga. App.* 718 (86 S. E. 49); *Patterson* v. *Beck,* 133 *Ga.* 701, 707 (66 S. E. 911).

2. Where the maker of a note containing a provision for attorney's fees dies and an administrator is appointed, and the statutory notice of intention to sue thereon for principal, interest, and attorney's fees is given to the administrator, and such a suit is brought, the plaintiff is entitled to judgment for attorney's fees in addition to principal and interest. *McCall* v. *Walter,* 71 *Ga.* 287 (2); *Harris* v. *Powers,* 129 *Ga.* 74 (9), 88 (58 S. E. 1038, 12 Ann. Cas. 475).

3. Under the agreed statement of facts there was no error in the judgment rendered.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

DECIDED JANUARY 31, 1918.

Complaint; from Pulaski superior court—Judge Graham. March 14, 1917.

The motion to dismiss the writ of error was on the ground that "there is no sufficiently specific assignment of error, the bill of exceptions having been filed to the judgment of the court on an agreed statement of facts, and the only assignment of error being

that the judgment was contrary to law." Cited in support of the motion: *Lamar, Taylor & Riley Drug Co.* v. *Southern School Book Co.,* 18 *Ga. App.* 650; *Patterson* v. *Beck,* 133 *Ga.* 706, and cases cited.

The suit was against an administratrix, and was based on a promissory note of the intestate, containing the usual stipulation as to attorney's fees of ten per cent. for collection. The suit included these fees, and it was prayed that the judgment therein should be a special lien on certain property described in a deed executed by the intestate to secure the payment of the note. The suit was filed more than twelve months after the administratrix had qualified, and after compliance with the requirements of the statute as to notice of intention to sue for attorney's fees. The defendant's answer admitted the material allegations of the petition, and alleged that in her opinion the assets of the estate, when reduced to cash, would not be sufficient to pay unsecured creditors, and that the estate was to that extent insolvent; and she prayed that if judgment should be rendered against her, it should be against her in her representative capacity alone and should bind only the estate of the intestate. A sale of the land of the estate had been ordered by the ordinary, but was delayed by appeals of objecting creditors which were pending when this suit was brought, but afterwards, under order of the court of ordinary, the land described in this suit was sold, and brought more than the amount sued for. The principal and the interest sued for were paid, and the case was submitted to the court, for determination without a jury, on an agreed statement of facts. The bill of exceptions states that the issues in the case were "by agreement of counsel for both parties reduced to one, to wit: whether plaintiffs were entitled to recover a judgment for attorney's fees which would rank in dignity with the judgment for principal and interest of their claim and be secured by the lien securing principal and interest." From the agreed statement of facts it appears that the defendant offered to prove that the estate was "insolvent and unable to pay secured and unsecured debts in full;" and the court "refused to allow proof of the insolvency of the estate," holding that such evidence was irrelevant and immaterial; but there is no exception to this ruling. The judgment on the agreed statement of facts states, that, it appearing that the property against which

a special lien is asked has been sold by the defendant for an amount in excess of the principal, interest, and attorney's fees for which judgment is asked, and all costs of court, and that the principal and interest have been paid by the defendant, the court finds for the plaintiffs the amount of the attorney's fees, and thereupon adjudges that the plaintiffs recover that sum of the defendant as administratrix of the intestate named. The bill of exceptions adds that the court "made said judgment a special lien on the property described in the deed to secure the notes sued on." The assignment of error is as follows: "To the action of the court in rendering said judgment and in permitting the same to be entered, plaintiff in error then and there excepted, and now excepts, and assigns the same as error, upon the ground that it is contrary to law."

*J. T. Hill, H. E. Coates,* for plaintiff in error, cited: *Third Nat. Bank* v. *Strauss,* 135 *Ga.* 324 (3); Civil Code (1910), § 4000 (8); *Nisbet* v. *Lawson,* 1. *Ga.* 287; *Cornett* v. *Fain,* 33 *Ga.* 224 (1); *Roberts* v. *Prior,* 20 *Ga.* 53; *Carter* v. *Penn,* 79 *Ga.* 747 (4); and submitted a request that the decision in *Harris* v. *Powers,* 129 *Ga.* 74 (which case, it was contended, is distinguishable from this case), be reviewed and overruled, if in conflict with *Third Nat. Bank* v. *Strauss,* supra.

*Hardeman, Jones, Park & Johnston,* contra, cited: *Harris* v. *Powers,* supra; *Royal* v. *Edinburgh-American Land Mortgage Co.,* 143 *Ga.* 347 (2); *Guarantee Trust &c. Co.* v. *American Nat. Bank,* 15 *Ga. App.* 778; *Third Nat. Bank* v. *Strauss,* supra.