BENFIELD *et al.* *v.* McMILLAN, executor, *et al.*

No. 12749. APRIL 12, 1939.

*H. E. Edwards,* for plaintiffs in error.

*A. C. Wheeler, Bynum & Frankum, Robert McMillan,* and *William Schley Howard,* contra.

GRICE, Justice. The estate of a person who died testate was placed in the hands of a receiver. Upon distribution of the funds the claim of the plaintiffs in error was treated as an unliquidated demand; and in a contest between them and creditors whose claims were founded on promissory notes, the court ruled that the claim of the plaintiffs in error ranked ninth in order of payment, or as a mere open account (Code, § 113-1508). The plaintiffs in error contend that theirs is a liquidated claim, and therefore fell within the eighth order of payment. Their claim arose in this manner: The administrators of Spencer had filed suit against J. W. Mc-

Millan, to compel specific performance of a bond for title for the sale of certain lands. The plaintiffs therein prayed that in the event McMillan could not specifically perform his agreement they have judgment against him for damages in the sum of five thousand dollars. The defendant having died, his executor was made a party, and thereafter on the trial the jury returned a verdict in the plaintiffs' favor for $2400 principal, besides interest and costs. The nature of that controversy fully appears in the report of *McMillan v. Benfield*, 159 *Ga.* 457 (126 S. E. 246).

The judgment having been obtained by the plaintiffs in error since the testator's death, its rank is no higher than the demand on which it rests. Code, § 113-1508, par. 6; *Carter v. Penn*, 79 *Ga.* 747 (4) (4 S. E. 896). The argument on which counsel predicates the contention that his clients' claim is a liquidated one is stated in his brief as follows: The Benfields conveyed to J. W. McMillan, in his lifetime, 160 acres of land in part payment of another tract owned by McMillan, the latter executing his bond for title to the Benfields, and they their notes to McMillan for the difference. Later the trade was by mutual consent rescinded, the agreement being that all papers signed by the respective parties should be returned; but no mention was made in the agreement of the 160 acres. In the meantime McMillan had sold this, and the Benfields sued him and obtained a judgment against him for damages under the former ruling of this court hereinbefore referred to; and since in equity the Benfields were entitled to have restored to them their 160 acres, the mere assessment by the jury of the amount of damages in lieu of a decree for specific performance would not prevent the judgment based thereon from being founded on a liquidated demand. We do not think the argument sound, or that the authorities cited by counsel in his brief support his contention. It took the verdict to make the claim liquidated. *Firemen's Insurance Co. v. Oliver*, 182 *Ga.* 212 (184 S. E. 858).

*Judgment affirmed. All the Justices concur.*