**FIFTH DIVISION
MCFADDEN, P. J.,
RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 1, 2019**

# In the Court of Appeals of Georgia

A18A1485. BYRD v. ROBINSON.

McFADDEN, Presiding Judge.

Herschel Byrd has filed a petition for writ of mandamus in this court seeking to invoke our original jurisdiction to require the Fulton County Superior Court Clerk to transmit records to this court. But because this is not one of the rare cases in which we will exercise such original jurisdiction, the petition must be dismissed.

> [T]he 1983 Georgia Constitution gave [the Georgia Supreme] Court and the Court of Appeals original mandamus jurisdiction. "Each court may exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments; but only the superior and appellate courts shall have the power to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction." Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. We have construed this grant of authority as merely enabling, not mandatory. This [c]ourt has sought to maintain its general status as an appellate court, recognizing, among other things, that unlike trial courts, this [c]ourt has no established mechanism for developing an evidentiary record.

*Clark v. Hunstein*, 291 Ga. 646, 647-648 (1) (733 SE2d 259) (2012) (citations, punctuation, and emphasis omitted).

Unlike the appellate courts, the superior courts of this state are equipped to develop an evidentiary record and they

> have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare. There may occasionally appear to be a need to file an original petition in the [appellate courts] to issue process in the nature of mandamus, and perhaps quo warranto or prohibition, where a superior court judge is named as the respondent. This appearance is misleading. Such petition may be filed in the appropriate superior court. Being the respondent, the superior court judge will disqualify, another superior court judge will be appointed to hear and determine the matter, and the final decision may be appealed to the [appellate court] for review.

*Brown v. Johnson*, 251 Ga. 436 (306 SE2d 655) (1983). Thus, "[t]he procedure to be followed before seeking to invoke this court's original jurisdiction (the need for which is extremely rare) is to file such petition in the appropriate [lower] court." *Graham v. Cavender*, 252 Ga. 123 (311 SE2d 832) (1984). Like our Supreme Court, this court has recognized that "[e]xcept in the rarest of cases, litigants seeking to invoke this [c]ourt's original jurisdiction . . . must first petition the superior court for such relief." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699

2

SE2d 600) (2010) (citations omitted). Accord *Graham*, supra at 124 (This procedure should "be followed in all but those extremely rare situations in which there is a need for the exercise of this court's original jurisdiction.").

Byrd has not followed this procedure and because his "petition for writ of mandamus filed in this [c]ourt is not one of the extremely rare instances in which this [c]ourt's original jurisdiction is invoked, it is hereby dismissed." *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013) (citation and punctuation omitted). See *Henderson v. State*, 303 Ga. 241, 245 (3) (811 SE2d 388) (2018) (mandamus petition naming superior court clerk as defendant is not one of those extremely rare cases in which the appellate court will exercise its original jurisdiction).

*Petition dismissed. Rickman and Markle, JJ., concur.*