Powell et al. vs. Chamberlain, Miller & Co.

No. 31.—JACOB S. P. POWELL, *et al.* plaintiffs in error, *vs.* CHAMBERLAIN, MILLER & Co., defendants in error.

An injunction of a suit on a note, was asked for on an allegation, that a certain credit had not been entered on the note. The credit, if it had been entered, would not have satisfied the note; but a portion of the note would have still remained due. No tender of this portion was stated.

The allegations as to the necessity of a discovery, were so uncertain as not to make it clear, that a discovery was needed to prove the defence at law. *Held,* That the injunction was properly refused.

In Equity, from Murray Superior Court. Decision by Judge TRIPPE, at chambers, March 1857.

This was a bill for discovery and injunction, filed by Jacob S. P. Powell, John B. Powell and James Edmunson agains Charles V. Chamberlain, David Miller and Alexander Isaacs, partners, under the firm of *Chamberlain, Miller & Co.*

The bill alleges that on the 11th day of February, 1853, said S. P. Powell, made his promissory note payable to the Bank of Charleston, South Carolina, for $1,225 63, ninety days after date, and that John B. Powell endorsed said note to Edmunson, and Edmunson endorsed the same to Chamberlain Miller, & Co., of Charleston, S. C. The note was protested for non-payment.

That about the 22d of February, 1854, said defendants sold to one William F. Amos, a bill of goods amounting to $419 01, on a credit of six months. That about the 26th of May, 1854, said Jacob S. P. Powell shipped a lot of corn to defendants in Charleston, and which they sold for the sum of $325 34, and placed the proceeds to the credit of their demand against Amos, contrary to the wishes and instructions of Powell. That said note has a credit of $547 67, endorsed, dated 4th September, 1854, said payment having no connection with the corn shipped to defendants.

That defendants have instituted suit against complianants on said note, without giving credit thereon for the proceeds

of said corn shipped to them. That they are unable to make their defence and the necessary proofs in relation to the sale of said corn, and the instructions as to the application of the proceeds thereof, without the testimony and discovery of defendants. The bill prays for an injunction, and that defendants answer the premises and set forth the letters, papers and memorandums in their possession, in relation to the sale and proceeds of said corn.

Upon a hearing and an examination of the bill, the Judge refused to sanction the same, and to grant the injunction.

To which refusal, complainants counsel excepted, and now assigns the same as error.

UNDERWOOD, for plaintiffs in error.

WALKER, for defendants in error,

*By the Court.*—BENNING J. delivering the opinion.

Was the Court right in refusing to order the injunction? We think so, and for two reasons.

1st. The price of the corn if allowed as a credit on the note, would not pay off the note. And there is not in the bill any tender of the balance. And there is and can be no pretense of a right to an injunction to prevent the holders of the note from collecting this balance.

2d. The allegations of the bill, in respect to *discovery*, are so uncertain that it is impossible to tell from them, whether the complainants really need any relief or discovery—to tell whether they will not be able to prove their defense at law. Those allegations are as follows: "Your orators further show unto your honor, that they are unable to make the necessary proof of facts at law in reference to the said lot of corn, and the purpose to which it was sent to be applied, and are compelled to seek relief in equity." If these allegations had been, that "they were unable to prove *the*. facts *aforesaid;*" and "were unable to prove, *that the purpose*

*aforesaid* was the purpose for which the corn was sent," the allegations would have been sufficiently certain.

And unless it *clearly* appears in a case, that the interposition of Court of Equity is needed, a Court of Equity will not interpose.

Judgment affirmed.