not a competent witness: Code, sec. 3798; 37th Ga. R., 586, 623; 39th, 186; 40th, 491.

*No appearance for defendant.

WARNER, J.

In our judgment, the errors complained of in the petition for certiorari were sufficient, in law, to have authorized the Judge to have sanctioned the same: Code, 3977, 3980; Constitution 1868, paragraph 2, section 3, Article V. And it was error to refuse to do so.

Let the judgment of the Court below be reversed.

---

THEOPHILUS SAPP, plaintiff in error, *v.* FELIX McARDLE, administrator, defendant in error.

(Atlanta, January Term, 1871.)

ADMINISTRATORS—SERVICE OF GARNISHMENT.—Where summons of garnishment is served upon an administrator before the twelve months have expired:

*Held,* Under section 3498 of the Code of this State, such garnishment may be served under the provision of law which postpones his answer until he is enabled, from the administration of the estate, safely to answer the same.

SAME—EFFECT OF GARNISHMENT.—The effect of such garnishment is to retain in the hands of the administrator the property finally to be ascertained and disposed of by the Court on a review of all the priorities and equities of existing claimant, under the rules of law, and is not in conflict with the section 2507 of the Code, prohibiting suit to recover a debt due by decedent until the expiration of twelve months from his qualification.

Garnishment on Administrators. Before Judge Johnson. Muscogee Superior Court. May Term, 1870.

Sapp sued out attachment against one Clark, and had a garnishment served upon McArdle, as the administrator of one Brassill. When Sapp had obtained judgment against Clark, he wished to proceed against said garnishee. But the garnishee averred that said garnishment was served upon him in less than twelve months after the granting of his letters of administration, and moved to dismiss it. The fact not being denied, the Court dismissed the garnishment. That is assigned as error.

*Moses & Downing, for plaintiff in error.

N. L. Howard, for defendant.

LOCHRANE, C. J.

This case comes before the Court upon a question of law. Summons of garnishment having been served upon McArdle, who was an administrator, before the expiration of the twelve months from granting his letters of administration, the Court below discharged him from the process of garnishment and this is assigned as error. Under section 3498 of the Code of this State, it is provided, garnishment will issue

for any debt or demand owing by said estate to any other person, if the creditor will swear, in addition to the oath required in ordinary cases, that his debtor resides without the State or is insolvent. In such cases the executor or administrator shall not be compelled to answer the garnishment until the estate in his hands is sufficiently administered to enable him safely to answer the same.

In the view which we take of this statute, we are satisfied that process of garnishment may be served upon an executor or an administrator, and it is the clear and unquestioned intent of the law that the provisions existing relative to the protection of such executors or administrators (protecting them from suit for twelve months,) shall not extend so as to inhibit the process of garnishment, retaining in their hands such amount as, upon administration of the estate, may, within their hands, be subject to its process. In the early history of this Court it was held, notwithstanding the 12th section of the Judiciary Act of 1799, that an administrator might be made a party to a bill and enjoined. Section 2507 of the Code provides, no suit to recover a debt due by the decedent shall be brought, etc. The reason of the law is to protect administrators from being hurried into litigation before they have been enabled to ascertain the rights and liabilities of their decedents. But inasmuch as the Code, in fact, protects the administrator with ample time to enable him, *safely, to answer in the premises, and judgment is postponed until he can ascertain the condition of the estate, we feel that there can be no injury resulting from the construction of this Act authorizing such process when the effect is only to retain in their hands, by way of injunction, the property, finally to be ascertained and disposed of by the Court, on a view of all the priorities and equities of existing claimants.

Judgment reversed, on the ground, that the Court erred in dismissing the summons of garnishment.