Green *vs.* Allen *et al.*

HENRY C. GREEN, administrator, plaintiff in error, *vs.* W. T. ALLEN *et al.*, defendants in error.

(BY TWO JUDGES.)—1. When an estate is largely insolvent, and there are many creditors of equal degree, fifteen of whom have sued at law, and there are others who have not sued, the administrator may file a bill in equity to marshal the assets, and to compel the creditors to come and prove their debts, and not harrass the administrator with numerous suits. But he cannot join in such bill creditors of higher dignity, whose claims are undisputed; especially if they be judgments, at the death of the testator.

2. In this State a creditor cannot get a preferred lien on the assets of an estate as against other creditors of equal degree by getting the first judgment against the administrator. 5th March, 1872.

Administrators and Executors.   Marshaling Assets.   Distribution of Estates.   Liens.   Before Judge JOHNSON.   Talbot Superior Court.   September Term, 1871.

The bill in this case contained the following averments : Mahone is administrator *de bonis non* of Thomas Green, deceased, succeeding Marshall, administrator, resigned.   But for the emancipation of intestate's slaves, by the late war, the assets of the estate would be ample to pay its debts, but now the assets are wholly inadequate.   There are some of the demands in judgment, and others are sued upon and will go to judgment at the next term of said Court.   Some are not yet sued upon, waiting the result of this bill to marshal the assets.   The costs of Court, if these cases proceed, will eat up a large part of the assets.   It prayed injunction, and that all the creditors come in and have their demands adjusted, and the assets marshaled and paid according to equity.   In 1867 Judge Worrell granted the injunction.

So the cause stood till September Term 1871.   Then came Henry C. Green and amended the bill as follows : In April, 1871, Mahone was removed from said administration, and said Henry C. Green was appointed administrator *de bonis non*.   Mahone delivered to him the assets of the estate in his hands, consisting of *choses* in action fully described.   Mahone owes the estate about $1,200, but he and his securities on his bond are insolvent.   Henry C. Green has reduced said *choses* in action, as far as available, to cash, making $2,729 82.   During Mahone's administration he sold all the lands of said intestate except certain specified interests in lands, which may swell the assets to $5,000.   In part of this land the minor children have applied for a homestead, which application is pending.

There are judgments against the estate amounting to $2,C00, and other demands amounting to $14,000, all fully described and in suit.   All of these are founded upon debts contracted prior to June, 1865, and are, therefore, subject to

the Relief Act of 1870. Some of the plaintiffs have filed affidavits as to payment of taxes as required by said Act. Others have filed affidavits as to partial payment of taxes. And others have filed none. The judgment creditors claim that they should be paid in full, while the heirs and other creditors, say said judgments should be, at least, scaled under the Relief Acts. What judgments can be recovered in the pending suits is as yet unknown. He cannot administer said assets without risk to himself and his bondsmen, unless it be done under the direction of the Court of Chancery. Wherefore he reiterates the prayer of the original bill. This bill was dismissed upon demurrer. That is assigned as error.

W. A. LITTLE, for plaintiff in error.

M. BETHUNE; WILLIS & WILLIS; J. M. MATHEWS; E. H. WORRILL, for defendants.

McCAY, Judge.

We think this bill not demurrable. It shews, as it seems to us, a strong case of danger to the administrator if he be left to his legal defense by plea alone. Under our statute, debts have their dignity fixed at the death of the intestate. The administrator has no right to pay one creditor of equal dignity to the detriment of another, nor can one creditor, in case of a deficiency of assets, get the preference of another by getting a prior judgment: Code, 2494.

At common law, the administrator might select among creditors of equal degree, and one of them might get a priority over the others by getting a judgment: Williams on Executors, 886, 894.

The plea of *plene administravit*, or *plene administravit præter*, at common law, was that the administrator had *paid* other debts of equal dignity, or that they had been *reduced to judgment* and were *thus* of higher dignity: Williams on Executors, 1667, 1670.

But under our law, the executor must take the risk. Even if he plead outstanding debts of equal dignity, the truth of the plea may be denied, and he has no means of sustaining his plea except by showing that such *claims* exist; and this would not bind the plaintiff. Suppose the administrator should fail, in a contest between him and one creditor, to show that the claim of another was valid, and judgment should go against him for the full amount of the debt of the suing creditor. In a subsequent suit by the outstanding creditor, this judgment would not protect the administrator. So it might happen that, in such a plea, the administrator might show outstanding debts, and the suing creditor might only get a judgment for a portion of his debt; and yet the administrator might afterwards successfully defend against an outstanding debt.

Where there is a *bona fide* dispute among the creditors as to the rightfulness of their claims, we think equity has jurisdiction to compel them all to come in and settle the dispute, so that the administrator may not be compelled to take the risks we have indicated.

Judgment reversed.