Turk *et al. vs.* Ross, ex'r, *et al.*

---

CORDELIA TURK *et al.*, plaintiffs in error, *vs.* ROLAND T. Ross, executor, *et al.*, defendants in error.

Creditors who have obtained judgments against the executor, have no right to enjoin other alleged creditors from obtaining judgment also.

Turk *et al. vs.* Ross, ex'r, *et al.*

The relative dignity of debts is not changed by judgment rendered against the executor. Whatever precedence one creditor may have over another, may be asserted as well after judgment as before.

Injunction. Judgments. Administrators and executors.' Debtor and creditor. Before Judge BARTLETT. Jones Superior Court. April Term, 1877.

Ross, as executor of James M. Gray, deceased, and others, filed their bill against Cordelia Turk, Virginia Pitts, and Ellen Singleton, as executrix of Leroy Singleton, deceased, making, in brief, the following allegations:

They are creditors of Leroy Singleton, deceased, and have recovered judgments against his executrix since his death. Defendants, Cordelia Turk and Virginia Pitts, claim also to be creditors of said testator, and that the indebtedness to them is a trust debt. This claim is barred by the statute of limitations. It is founded on Confederate money, and, if allowed at all, should be scaled: Ellen Singleton, as executrix, fails to plead to a suit said defendants have instituted against her, because she is their mother, and is fraudulently combining to allow them to obtain a judgment against her for a trust debt, which will thus be entitled to priority. Prays that such action be enjoined, and that trial be had on this bill.

An amendment was subsequently filed, alleging the insolvency of the executrix and of the estate which she represented. Answers were also filed, immaterial in the light of the decision. The chancellor granted the injunction as prayed for, and defendants excepted.

WILLIAM McKINLEY, for plaintiffs in error.

BLOUNT, SIMMONS & HARDEMAN; C. L. BARTLETT, for defendants.

BLECKLEY, Judge.

The priority of debts is established by Code, §2533. This

is not to be altered by subsequent judgments. 45 *Ga.*, 205. Creditors can contest priority after judgment as well as before. This being so, there is no reason for enjoining suits against the executor.

Cited by plaintiffs in error: 1 Chit. Pl. 1; Code, §3451; 55 *Ga.*, 36; *Colesby vs. Dart*, 59 *Ga.*; 8 *Ib.*, 236; 10 *Ib.*, 266; 25 *Ib.*, 152; Code, §2542; 41 *Ga.*, 307; *Hayden vs. Johnson*, 59 *Ib.*; Acts of 1869, p. 134; 45 *Ga.*, 478; 57 *Ib.*, 459; Code, §§2922, 2926; 46 *Ga.*, 361; 48 *Ib.*, 150, 471; 57 *Ib.*, 227; 41 *Ib.*, 579; *Brandon vs. Low*, 59 *Ib.*; *Johnson vs. McCullough*, *Ib.*; Code, §§1947, 3596, 3317, 3594, 3210, 3081, 3095, 3096, 4178; 22 *Ga.*, 123; 3 Cent. Law J., 785; High on Inj., §§44, 45; 2 Story's Eq., §875.

Cited by defendants: Code, §3451; 55 *Ga.*, 36; Code, §§3144, 2918, 2607; Adams' Eq., 258, and *note ;* Story's Eq. Pl., §99.

Judgment reversed.