ÆTNA MILLS *vs.* INHABITANTS OF BROOKLINE.

ELLEN E. BISHOP, executrix, *vs.* SAME.

WILLIAM S. CORDINGLEY & another *vs.* SAME.

WALKER AND PRATT MANUFACTURING COMPANY *vs.* SAME.

BOSTON MANUFACTURING COMPANY *vs.* SAME.

MARY W. CREHORE & others *vs.* SAME.

HOLLINGSWORTH AND WHITNEY COMPANY *vs.* SAME.

RICHARD H. PAINE & another, executors, *vs.* SAME.

WILLIAM T. RYLE & others *vs.* SAME.

DUDLEY MILLS *vs.* SAME.

JOHN C. SULLIVAN & another, administrators, *vs.* SAME.

HENRY D. POPE, trustee, *vs.* SAME.

Suffolk.    March 21, 1901. — April 3, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

Under St. 1888, c. 131, giving the town of Brookline authority to take additional water from Charles River, that town established waterworks upon the division line between the counties of Norfolk and Suffolk. St. 1872, c. 343, § 6, incorporated by reference in the above named act, gave to persons sustaining damages under the act the right to apply for an assessment thereof by petition to the Superior Court in the county in which the dams or other works occasioning such damages were situated. Petitions to the Superior Court under this section by owners of water powers and mill privileges upon the Charles River were filed simultaneously in both counties, and orders of notice thereon were served on the town, those on the petitions in Norfolk County being issued and served nine days before those on the petitions in Suffolk County. The petitioners then filed in each county motions for the appointment of commissioners to assess their damages under the section above named. On motion of the town, the Superior Court ordered the petitions in Suffolk County to be dismissed on the town's filing an admission that it was liable in Norfolk County, if at all. *Held,* that the order dismissing the petitions in Suffolk County was erroneous, as the petitioners had the right to elect in which county to proceed, that they had not done so merely by taking out the orders of notice upon their petitions in Norfolk

County first, and that the court by its action had in effect given the respondent the election which belonged to the petitioners. *Semble*, however, that the damages occasioned by taking water under St. 1888, c. 131, cannot be divided into those caused by the part of the town's waterworks in Norfolk County and those caused by the other part of the same works in Suffolk County, but that the whole damage must be assessed under one petition, in one county or the other at the election of the petitioners.

BARKER, J.    The several petitioners are owners of water powers and mill privileges upon the Charles River.   The respondent having accepted St. 1888, c. 131, and in pursuance thereof, on May 20, 1891, by vote declared its purpose to take from the river an additional one million and a half gallons of water daily became liable to pay all damages sustained by any persons in their property by this taking of the waters.   The provision for recovery of such damages, when the person sustaining them does not agree with the town, is by reference to St. 1872, c. 343.    That statute gives to persons sustaining such damages and not agreeing upon them with the town the right to apply for an assessment of the same by petition to the Superior Court in the county in which the dams or other works occasioning the damages are situated.   St. 1872, c. 343, § 6.    The works by which the respondent takes water, and which the several petitioners contend damage them in their property are situated upon the division line between the counties of Norfolk and Suffolk, and so are partly in each of those counties.   Each petitioner filed simultaneously in each of those counties a petition to the Superior Court for the assessment of his damages.   Orders of notice were issued first in Norfolk and nine days later in Suffolk, and all these orders of notice were served upon the respondent.   Thereafter answers were filed to all of the petitions.   Each petitioner then filed in each of his petitions a motion for the appointment of commissioners under St. 1872, c. 343, § 6, to assess the petitioner's damages.   These motions in both sets of petitions were all heard together.   At this hearing the respondent, while admitting the petitioners' right to proceed in either county, denied their right to proceed in both at the same time, objected to the appointment of commissioners in more than one county, and asked that they be appointed only in Norfolk County.   The petitioners insisting upon their right to maintain all of their petitions, the respondent moved that the

petitions filed in Suffolk should be dismissed, offering to file in the Norfolk cases a stipulation as an admission of record that if it was liable to the petitioners at all it was liable in the county of Norfolk and not in the county of Suffolk. The court decided that if the respondent would file such an admission of record in the Norfolk cases the Suffolk petitions should be dismissed without costs. Thereupon such stipulations were filed and the Suffolk cases were ordered to be dismissed without costs, subject to the petitioners' exceptions.

We are of opinion that the exceptions should be sustained. It is properly conceded by the respondent that each petitioner, under the provisions of St. 1872, c. 343, § 6, could make petition to the court in either county where the works of the respondent were in part situated. Each petitioner therefore had the choice of having his damages assessed in either county. He did not make an election by filing petitions simultaneously in both counties. It would be too strict to hold that he made an election by taking out an order of notice upon his Norfolk petition before he took such an order upon his Suffolk petition. After orders of notice had issued upon both petitions and had been served, the respondent without protest because of the pendency of two petitions, and without asking that the petitioner be compelled to elect, answered each petition upon the merits. The filing and the bringing on for hearing before the same court and at the same time, by each petitioner, of motions for the appointment of commissioners in each of his petitions was not an election between the two, nor was his insistence that he could prosecute both, such an election. He still had the right to exercise it, if as the respondent contends both of his petitions were for the assessment of the same damages. Of this right he was deprived by the orders of the court dismissing the Suffolk petitions upon the respondent's request. In effect the election which belonged to the petitioner was given to the respondent.

It is not necessary for us to say what course shall be taken in these cases by the court below, further than to say that the exceptions are sustained and that the orders dismissing the Suffolk petitions must be rescinded. But we are of opinion that the respondent is right in its contention that the reasonable construction of the statute is that the damages occasioned by the

respondent's taking under St. 1888, c. 131, cannot be divided into damages occasioned by the part of its works situated in Norfolk and damages occasioned by the other part of the same works situated in Suffolk, but that the whole damages are to be assessed in one petition, in one county or the other at the election of the petitioner. See *Bates* v. *Ray*, 102 Mass. 458; *Miller* v. *County Commissioners*, 119 Mass. 485; *Brockton* v. *Cross*, 138 Mass. 297.

*Exceptions sustained.*

*R. F. Herrick*, for the petitioners.
*W. D. Turner & A. H. Latham*, for the respondent.