## WHITNEY *v.* CENTRAL GEORGIA POWER COMPANY.

1. Points not raised in the pleadings and not passed on by the trial judge can not be made for the first time in the bill of exceptions.
2. If the land sought to be condemned under the Civil Code, §§ 4657 et seq., is located partly in two counties, the proceedings to condemn may be had in either county.
3. Where the land so sought to be condemned lies in two counties, the ordi-nary of the county where the condemnation proceeding is had is the offi-cial referred to in § 4665, upon whom the law devolves the duty of mail-ing notice of condemnation to a non-resident owner.
4. The other legal questions are decided in *Nolan* v. *Central Georgia Power Co.*, ante. The evidence supports the finding of fact upon which the in-terlocutory judgment rests.

MARCH 3, 1910.

Petition for injunction. Before Judge Felton. Bibb superior court. May 7, 1909.

*William H. Barrett,* for plaintiffs. *Walter T. Johnson, Olin J. Wimberly,* and *Chester B. Masslich,* for defendant.

BECK, J. Charles E. Whitney, Frank E. Whitney, Eddy R. Whitney, and Sarah J. Whitney are the owners of two tracts of land, one known as the "Parker Place," lying entirely in the county of Newton, and the other as the "John Barnes Mill Place," lying in the counties of Newton and Butts. The Central Georgia Power Company served these landowners with notice that, being unable by contract to procure a right of way, they would proceed to condemn the land pursuant to the act approved December 7, 1897 (Acts 1897, p. 68); whereupon the landowners filed their petition to enjoin the condemnation proceedings, upon the grounds

therein set forth.  A rule nisi was issued to the defendants to show cause why temporary injunction should not be granted as prayed, and on the interlocutory hearing the court refused to grant an injunction.  The writ of error was sued out to this judgment.

1.  Error is assigned upon this judgment, because there was no satisfactory evidence that the Central Georgia Power Company had not been able to contract with the defendants for the property sought to be condemned.  This point is sought to be raised for the first time in the bill of exceptions.  No complaint of this kind was made in the plaintiff's petition; and it was recited in the notice of condemnation, attached thereto as exhibit "A," that the parties "being unable by contract to procure the right of way and easements" sought to be condemned.  Inasmuch as this point was not made in the pleadings, nor passed upon by the presiding judge, this attack upon the judgment can not be considered.

2.  The judgment is alleged to be erroneous, because it allows property to be condemned which is located in another county than where the condemnation proceeding is proposed by the notice to take place.  It appears from the record that the plaintiffs owned two tracts of land, one located entirely in Newton county and the other partly in Newton and partly in Butts county.  The condemnation statute, as expressed in the Civil Code, §§ 4657 et seq., is silent as to the venue in a case of this kind; but, following the analogies of the law, we do not think there can be any doubt, where the land which is sought to be condemned is located in two counties, that the condemnation may proceed in either county. The policy of requiring the proceedings to be in the county where the land is located is in part due to the facility of procuring witnesses familiar with the property to testify as to its value, and also to afford the assessors the opportunity of personal examination. This policy is not changed by allowing the condemnation to be had in either county, where the tract of land sought to be condemned is traversed by a county line.  It would be impracticable to have two condemnations.  The entire tract of land is sought to be taken.  The tract of land is a unit, and its value can be accurately arrived at only by considering it as a unit.  In ejectment causes where the land lies in two counties, the venue of the suit may be in either; and the same reason underlying this rule applies to the proceeding of condemnation of a tract of land lying in two coun-

ties; and this is the rule which has been applied elsewhere: 15 Cyc. 835: A. & N. R. Co. *v.* Gough, 29 Kan. 94; City of Helena *v.* Rogan, 26 Mont. 452 (68 Pac. 798) ; Ætna Mills *v.* Inhabitants of Brooklyne, 178 Mass. 482 (59 N. E. 1018).

3. The judgment is alleged to be erroneous for the reason that no service of the proceedings to condemn had been legally perfected upon Frank E. Whitney and Eddy R. Whitney. It was agreed between the parties on the interlocutory hearing that the service of notice required by § 4665 of the Civil Code upon Frank E. Whitney and Eddy R. Whitney, non-residents, had been made by the ordinary of Newton county, but had not been made by the ordinary of Butts county, and that no service of any kind had been made through the ordinary or other officer of Butts county. The Civil Code (§ 4665) provides that if any of the owners of the property reside out of the State, notice shall be served upon the person in possession, and a like notice shall be enclosed in an envelope properly stamped and directed, and be by the condemnor delivered to the ordinary of the county, who shall mail the same to the owners, if their address is known; and if not known, the ordinary shall act for such non-resident owners in the manner provided for unrepresented minors. The contention is that this provision of the law is not complied with where land lies in two counties, unless the ordinary of each county issue the prescribed notice. We do not think so. The whole intendment of the act is that the ordinary of the county where the condemnation is to take place is the official upon whom the law devolves this duty, and a notice mailed by him complies with the requirements of the statute.

4. The various other legal questions made in this case have been considered and decided adversely to the plaintiffs' contention, in the case of *Nolan* v. *Central Georgia Power Co.,* ante, 201. The evidence was sufficient to support the finding of fact involved in the interlocutory judgment complained of.

*Judgment affirmed. All the Justices concur, except Atkinson and Holden, JJ., dissenting.*

HOLDEN, J. The writer can not concur in the judgment of affirmance in this case, for the reasons given in his dissent in the case of *Nolan* v. *Central Georgia Power Company,* this day decided. I am authorized to state that Justice Atkinson concurs in this dissent.