HARTLEY *v.* HARTLEY.

No. 8548. ' NOVEMBER 10, 1931.

*Herschel E. Smith* and *Phillips & Abbot,* for plaintiff in error.
*M. C. Barwick,* contra.

RUSSELL, C. J. On July 17, 1930, Mrs. M. M. Hartley sued out an attachment, on the ground of non-residence of the defendant, against Mrs. Lola Hartley, which was levied upon a certain automobile. A claim was filed by Mrs. Lola Hartley as administratrix of the estate of C. C. Hartley of Anthony, Florida, on August 1, 1930, and on the same day Mrs. Lola Hartley individually procured J. J. Smith, sheriff, to obtain from the ordinary of Jefferson county an order for quick sale of the automobile, she waiving all notice; and by her consent this order was signed by the ordinary "on the late afternoon of August 1, 1930," without the knowledge of Mrs. M. M. Hartley or her attorney. By authority of this order the car was sold on August 11, 1930, for $290. On August 2, 1930, Mrs. M. M. Hartley procured an attachment against Mrs. Lola Hartley as administratrix of the estate of C. C. Hartley, upon the ground that "said debtor is about to remove the property of said deceased person without the limits of Jefferson County, Georgia; and that said debtor resides out of the State of Georgia," which was levied upon the same automobile in the custody of the sheriff under the attachment issued on July 17, 1930. Declarations were filed by the plaintiff in each case, based upon separate and different debts and causes of action. The case against Mrs. Lola Hartley individually came on for trial on December 12, 1930,

and a nonsuit was granted. On December 17, 1930, the claim filed by Mrs. Lola Hartley as administratrix of the estate of C. C. Hartley was dismissed. On June 17, 1931, Mrs. Lola Hartley filed a petition praying that the sheriff be required to show cause why he should not deliver to her the money realized from the sale of the car, he having refused her demand for payment. The sheriff answered that on August 11, 1930, the car was sold, but while it was in his custody, and before it was sold, a second attachment against Mrs. Lola Hartley as administratrix of the estate of C. C. Hartley was turned over to him by Herschel E. Smith, attorney for Mrs. M. M. Hartley, with instruction to levy it on said car, and he did so levy it on August 2, 1930; that this second case against Mrs. Lola Hartley as administratrix of the estate of C. C. Hartley has never been heard or adjudicated, and for that reason he has refused to pay over the money to Mrs. Lola Hartley until further order of the court.

Mrs. M. M. Hartley was allowed to intervene. She alleged that the fund in the hands of the sheriff was the only property of the estate of C. C. Hartley in this State; that the attachment case instituted by her against Mrs. Lola Hartley as administratrix of C. C. Hartley was pending; and that intervenor will suffer irreparable damage and loss if the sheriff turns over to Mrs. Lola Hartley the proceeds of the sale of August 11, 1930, in that intervenor "will be forced to resort to the courts of the State of Florida for relief." She prayed that the sheriff be enjoined from paying over the proceeds of the aforesaid sale of August 11, 1930, to any claimant until the final disposition of the attachment case against Mrs. Lola Hartley as administratrix of the estate of C. C. Hartley, and that the money be retained in the registry of the court, subject to the court's order on the trial of the case. The issue made by the petition for rule, the answer of the sheriff, and the intervention were submitted to the trial judge; and the following rulings were made: (1) "I am of the opinion that the plaintiff, having elected a remedy against the defendant individually, and having had the car sold as the property of Mrs. Lola Hartley individually, could not now proceed upon the theory that the money in the hands of the sheriff is the property of Mrs. Lola Hartley as administratrix." (2) "Furthermore, I am of the opinion that the court is without jurisdiction. Attachment does not lie against a foreign adminis-

trator or executor." (3) "Accordingly, the rule is made absolute and it is ordered that the plaintiff in this case recover of the sheriff the funds now held as the proceeds of the sale of said automobile." To these rulings the plaintiff excepted.

■ We are of the opinion that the doctrine of election of remedies is not applicable to the facts of this case. An election of remedies which will estop a party from pursuing a different course, or electing another and different remedy from that first adopted by him, has reference to the election or choice made by one and the same party. The remedy pursued by one party in a litigation has no connection with the election of remedy made by another different and distinct party. In this case the plaintiff first swore out an attachment against Mrs. Lola Hartley as an individual, to enforce the collection of an individual debt of Mrs. Lola Hartley accruing after her husband's death. The other proceeding in attachment initiated by the plaintiff, which was considered by the court in his consideration of the rule against the sheriff, and which is still pending, sought to collect an indebtedness of C. C. Hartley to the plaintiff, which he created during his lifetime and which was several years old before the alleged indebtedness of Mrs. Lola Hartley was created. These are two entirely distinct actions, the one set on foot against Mrs. Lola Hartley as an individual, the other against C. C. Hartley, now dead and represented by an administratrix. The first proceeding was against Mrs. Lola Hartley in her individual capacity. The fact that her name appears in the second proceeding is only an incident, for she appears merely as the personal representative of C. C. Hartley. An administrator stands in the shoes of his intestate, and liability, if any, attaches only to the property included within his estate. We are therefore of the opinion that the plaintiff was not precluded from seeking process of attachment against the estate of C. C. Hartley because she had previously instituted the same proceeding against Mrs. Lola Hartley. The doctrine of estoppel based upon election of remedies refers to the intentional exercise of one's right of choice between inconsistent remedies, which, wholly irrespective of any of his adversary's rights, does not permit him to play fast and loose with the courts; and "an election once made, with knowledge of the facts, between coexistent remedial rights which are inconsistent, is irrevocable and conclusive, irrespective of intent, and

constitutes an absolute bar to the maintenance of a defense founded on such inconsistent rights." *Kennedy* v. *Manry,* 6 *Ga. App.* 816 (66 S. E. 29). The bar attaches from the election of a remedy which is inconsistent with a different right which might have been asserted. In this case the remedy selected by the plaintiff was the same in each case—process of attachment against a non-resident debtor; in the one case against the property of Mrs. Lola Hartley, and the other against the property of C. C. Hartley. There is no election between inconsistent remedies in this case. It does not necessarily follow from the fact that the plaintiff first had an attachment issued against Mrs. Lola Hartley, and later attached the same property as the property of C. C. Hartley, that this action upon her part was illegal because inconsistent as a matter of fact. A plaintiff who has a debt against his debtor may, upon information then in hand, levy upon a chattel as the property of that defendant, but subsequent information may then satisfy the creditor that the property is not the property of that debtor, and he may then have it attached as the property of another and different debtor if he apprehends the loss of the property unless the second attachment be taken out. It seems that this is what occurred in the present instance. The plaintiff, having learned that Mrs. Lola Hartley as the administratrix of C. C. Hartley had filed a claim, asserting on oath that the automobile was the property of C. C. Hartley, deceased, sued out attachment to subject the automobile as the property of C. C. Hartley, deceased. This was not an election of remedies, but at most only the prosecution of the same remedy against the same rem in behalf of different claims against two distinct debtors.

■ The second exception is to the ruling that the court was without jurisdiction. It is our opinion that the court which issued the attachment had jurisdiction, and that there was jurisdiction in the superior court to deal with the subject-matter of the proceeding. It was held in *Sapp* v. *McArdle,* 41 *Ga.* 628, that an attachment may issue within the period allowed by law to enable an administrator to ascertain the condition of the estate, though the effect is only to retain, by way of injunction, the property in his hands, finally to be ascertained and disposed of by the court on a view of all the priorities and equities of existing claims. "Process of attachment may issue against an administrator on an estate, or the

executor of the last will and testament of any deceased person, as in other cases, when such administrator or executor shall be actually removing, or about to remove, the property of said deceased person without the limits of any county of this State: Provided, final judgment shall not be entered up against such administrator or executor until after the expiration of two years from the granting of letters of administration, or letters testamentary, as the case may be." Civil Code of 1910, § 5068 (of 1873, § 3277). In delivering the opinion of the court in *Sapp.* v. *McArdle,* supra, Chief Justice Lochrane no doubt was construing the provisions of this section without express reference thereto. This is more plain from the reference by Chief Justice Warner to § 3277 of the Code of 1873 in *Ross* v. *Edwards,* 52 *Ga.* 24. In that case the court was dealing with an attachment against a lunatic. It appears that it was urged that section 3277 applied in that instance. The court held that "An attachment does not lie in this State against a lunatic," etc.; and in dealing with this proposition Chief Justice Warner said: "By what statute of this State, or by what authority of law, was the plaintiff authorized to sue out an attachment against such commissioner of the lunatic, both living out of the State, and have the same levied on the property of the lunatic in this State? We know of none, and none was cited on the argument. The only provision made for issuing an attachment against a fiduciary trustee by the laws of this State, so far as we have any knowledge, is when an executor or administrator shall be actually removing or about to remove the property of his deceased testator or intestate without the limits of any county in this State, and then judgment can not be entered up against them until after the expiration of two years from the granting of letters testamentary or of administration."

We think the court erred in holding that the superior court was without jurisdiction in this case, since the evidence authorized a finding, not that the administratrix was actually removing or about to remove the automobile, but was about to remove the fund which represented the chattel, and which had been sold at her request, though acting then in her individual capacity. The proviso in § 5068 that a final judgment shall not be entered until after the expiration of two years from the granting of letters of administration removes the objection suggested by counsel, that the administrator

716

is not subject to suit within the time provided by law for him to have an opportunity to collect the assets of the intestate and ascertain the condition of the estate. It was stated in the *McArdle* case, supra, that this proviso was intended to operate as a quasi injunction to restrain a legal representative of a deceased debtor from administering upon the property upon which the attachment has been levied and which may be found to be subject to the lien of the attachment, as well as any funds which may be brought into court by a summons of garnishment, until the determination by the court of the issues which may be raised in the attachment case. In holding that attachment does not lie against a foreign administrator or executor, and that for that reason the court was without jurisdiction, we think the judge overlooked the code provision, and therefore erred. It is our opinion also that it was error to enter judgment absolute against the sheriff, and that no action should have been taken until there had been an adjudication of the issues presented by the action of the plaintiff to collect by attachment the debt alleged to be due to her by C. C. Hartley. The fact that Mrs. Lola Hartley was the defendant in the first attachment as well as in the second is of no moment, because in the first instance the plaintiff was proceeding against Mrs. Lola Hartley individually, and in the second the proceeding was against C. C. Hartley, and the fact that Mrs. Lola Hartley is his administratrix is immaterial.     *Judgment reversed. All the Justices concur.*