WOOTEN, administrator, *v.* HARTLEY *et al.*

JENKINS, Justice. 1. In an equitable proceeding by an administrator to marshal the assets of an estate, the general rule should be applied that judgments obtained against an administrator after the death of his intestate rank no higher than the demands on which they are founded; and consequently a creditor can not get a preferred lien on the assets, as against other creditors of equal dignity, merely by procuring the first judgment against the administrator. *Green* v. *Allen*, 45 *Ga.* 205, 207; *Davis* v. *Smith*, 5 *Ga.* 274 (6), 291 (48 Am. D. 279).

2. Even though, under the Code, § 8-105, "process of attachment may issue against an administrator of an estate, . . as in other cases, when such administrator . . shall be actually removing or about to remove the property of [a] deceased person without the limits of any county," still a final judgment is not to be entered until after the expiration of two years after the granting of letters of administration; such a process only serves as a quasi injunction to restrain the legal representative from administering the property on which the attachment has been levied, as well as any funds brought into court by a summons of garnishment, until the determination of the issues which may be raised in the attachment case; and these rights of the attachment creditor do not give him priority over other creditors of the estate holding claims of equal dignity, since in such attachment cases the money raised by the sale of the defendant's property, or otherwise, is paid over to the creditors of the defendant, according to their priority, save only that as between attaching creditors the attachment first levied shall be first satisfied, to the entire exclusion of any attachment creditor with a younger levy holding a claim of equal dignity. *Hartley* v. *Hartley*, 173 *Ga.* 710 (2), 714 (161 S. E. 358); *Sapp* v. *McArdle*, 41 *Ga.* 628, 630. Accordingly, in this proceeding to marshal assets, a creditor of an intestate could not obtain a priority above the rank of his debt as it existed at the time of the death of the intestate, by

640

obtaining judgment in an attachment proceeding, any more than he could by merely placing it in judgment against the administrator. Therefore it was error to hold in effect that the attachment creditor was entitled to first priority and payment from the proceeds of an automobile levied on under his attachment, to the exclusion of every other claim against the estate and of the costs and expenses of administration, and without regard to the respective priorities of creditors independently of the judgment rendered on the attachment after the death of the intestate.

3. A creditor who collects funds from a debtor for the joint benefit of himself and other creditors should be allowed reasonable compensation for his attorney to the extent that such services are beneficial, in addition to the court costs incurred in the recovery. 15 C. J. 1440, § 182. "The theory on which attorney's fees for bringing a fund into court is allowed is that if the diligence of one creditor secures a fund for a common benefit, and if others share therein, any expense of securing it should not fall on the diligent creditor alone, but that those who participate in the fund should contribute their share to the common expense, so that the fund going to the different creditors may be first taxed with the proper amount of attorney's fees before its distribution." *Peppers v. Cauthen,* 143 *Ga.* 229, 232 (84 S. E. 477). Since in this case the fund in court, on account of the sale by the sheriff of an automobile under the attachment, was realized primarily because of the diligence of the attachment creditor, a reasonable attorney's fee for such services should be allowed before any distribution between creditors.

4. The court, in holding in effect that the attachment creditor as such was entitled to priority, did not determine as to the rank of the claims of creditors at the time of the death of the decedent, independently of the claim of priority by virtue of the judgment on the attachment. There is no exception other than to that holding in the decree. Consequently no ruling here is made on any question of priority, or on other questions argued in the briefs, except as has been expressly here formulated.

*Judgment reversed. All the Justices concur.*

No. 12297. SEPTEMBER 16, 1938.

642

*M. C. Barwick,* for plaintiff.

*N. J. Smith, Phillips & Abbot,* and *Herschel E. Smith,* for defendants.