AULD, administratrix, *v.* SCHMELZ.

No. 15519.   JULY 3, 1946.

44

Powell, Goldstein, Frazer & Murphy, G. S. Pëck, and Elliott Goldstein, for plaintiff.

Mitchell & Mitchell, for defendant.

DUCKWORTH, Justice. (After stating the foregoing facts.) ▪ It is the general rule that an equitable estoppel must be specially pleaded in the trial court. Fidelity Co. v. Nisbet, 119 Ga. 316 (7) (46 S. E. 444); McCall v. Fry, 120 Ga. 661 (48 S. E. 200); Irvine v. Wiley, 145 Ga. 867 (3) (90 S. E. 69); Askew v. Amos, 147 Ga. 613 (1) (95 S. E. 5); DeVore v. Baxter, 155 Ga. 109 (3) (116 S. E. 610); Hightower v. Blakely Hardwood Lumber Co., 163. Ga. 776 (1) (137 S. E. 22); National Land & Coal Co. v. Zugar, 171 Ga. 228 (3) (155 S. E. 7). An exception exists in statutory claim cases. Frick Co. v. Taylor, 94 Ga. 683 (2) (21 S. E. 713); Wright v. McCord, 113 Ga. 881 (2) (38 S. E. 510); Askew v. Amos, supra. Another exception exists in favor of a plaintiff where the defendant sets up a defense in his answer and the plaintiff relies upon estoppel to defeat it. The plaintiff is thus relieved of the necessity of pleading estoppel because under the Neal Pleading Act no replication is needed. Brown v. Globe &c. Fire Ins. Co., 161 Ga. 849, 854 (2) (133 S. E. 260); Metropolitan Life Ins. Co. v. Bugg, 48 Ga. App. 363 (4) (172 S. E. 829); State Mutual Ins. Co. v. Harmon, 72 Ga. App. 117, 120 (2) (33 S. E. 2d, 105). Nor can a plea of res judicata be set up for the first time in the Supreme Court. Durham v. Ramhurst Lumber Co., 145 Ga. 189 (1-a) (88 S. E. 932). The record now brought to this court does not show that any plea of estoppel or res judicata was filed in the trial court, or that any motion was urged to deny the motion to set aside for any reason. We, therefore, consider the question here presented independently of the doctrine of estoppel

or res judicata, since it is settled law that a question not raised in the trial court will not be considered here. *Durden* v. *Meeks,* 110 *Ga.* 319 (35 S. E. 153) ; *Barham* v. *Weems,* 129 *Ga.* 704 (3) (59 S. E. 803) ; *Wilson* v. *Stanford,* 133 *Ga.* 483 (5) (66 S. E. 258) ; *Whitney* v. *Central Georgia Power Co.,* 134 *Ga.* 213 (1) (67 S. E. 197, 19 Ann. Cas. 982) ; *Mobley* v. *Russell,* 174 *Ga.* 843, 847 (5) (164 S. E. 186) ; *McIntire* v. *McQuade,* 190 *Ga.* 438 (9 S. E. 2d, 633) ; *Calhoun* v. *Babcock Lumber Co.,* 198 *Ga.* 74, 83 (30 S. E. 2d, 872).

■ The question for our decision is whether or not the judgment in favor of the defendant, which was rendered in an action prosecuted by the temporary administratrix, is legal against either the estate represented by the temporary administratrix or against the temporary administratrix individually. The action by the temporary administratrix was authorized by law. Code, § 113-1511. It is provided by the section cited that a temporary administratrix may sue for the collection of debts or personal property of the estate. The action here was one for the recovery of personal property, and in the prosecution of that suit the temporary administratrix was the legally constituted agent or representative of the estate and was acting under authority of law. *Mason* v. *Atlanta Fire Co.,* 70 *Ga.* 604, 608 (48 Am. R. 585) ; *Langford* v. *Langford,* 82 *Ga.* 202 (8 S. E. 76) ; *Barfield* v. *Hartley,* 108 *Ga.* 435 (33 S. E. 1010) ; *Banks* v. *Walker,* 112 *Ga.* 542 (37 S. E. 866) ; *Doris* v. *Storey,* 122 *Ga.* 611 (50 S. E. 348) ; *Ward* v. *McDonald,* 135 *Ga.* 515 (69 S. E. 817) ; *Baumgartner* v. *McKinnon,* 137 *Ga.* 165 (73 S. E. 518, 38 L. R. A. (N. S.) 824) ; *Chattanooga &c. Ry. Co.* v. *Morrison,* 140 *Ga.* 769 (79 S. E. 903) ; *Babson* v. *McEachin,* 147 *Ga.* 143 (93 S. E. 292) ; *Grooms* v. *Mixon,* 150 *Ga.* 335 (103 S. E. 845) ; *Broderick* v. *Reid,* 164 *Ga.* 474 (139 S. E. 18) ; *Furr* v. *Jordan,* 196 *Ga.* 862, 873 (27 S. E. 2d, 861). In such a situation, what right did the law give the defendant, who was bound to defend such suit, to therein set off and have adjudicated any counterclaim or right he had against the identical estate that was suing him? We have been unable to find any expression on this precise point in any statute or decision of this State. We must, therefore, reach a decision that will, if possible, harmonize with existing law and conform to common justice. We must decide whether this defendant and others similarly situated must bear the expense and trouble of main-

taining defenses against such an action and remain silent and inactive as to any counterclaim that would ordinarily be a proper matter for setoff in the same suit, and suffer judgment in favor of the estate, by authority of which he is deprived of his property or money, and thereafter prosecute an action against the permanent administrator of the estate for the adjudication of his claim and the recovery of money or property, which may well exceed that of which he was deprived by the judgment in favor of the temporary administrator. Such an inequality of rights under the law would hardly conform to the solemn mandate of the Constitution (article 1, section 1, paragraph 2, Ga. L. 1945, p. 8), which declares that "Protection to person and property is the paramount duty of government, and shall be impartial and complete." The protection of the estate on the one hand and the person sued by the temporary administratrix on the other hand would not be "impartial and complete." The courts would be needlessly burdened with the trial of two cases when both could have been easily and fairly tried in one proceeding. For the reasons stated, we are satisfied that the defendant here, as well as any defendant, when similarly sued by a temporary administratrix, is authorized under the law to plead any proper counterclaim against the estate and to obtain a judgment therefor which is binding on the estate. If it be argued that the interest of the estate would thus be jeopardized, because the temporary administratrix did not possess the necessary information concerning the estate to enable her to properly defend against such counterclaim, the answer to such argument is that the law authorizes this same uninformed representative of the estate to act for and on behalf of the estate in subjecting others to such suits as she might choose to institute against them, and it is no worse for the estate represented to be without full information than for the person sued to suffer the suit while there exists the same lack of full information.

In reaching our decision on this question, we have encountered difficult and perplexing collateral questions, one of which is whether or not a money judgment thus obtained against a temporary administratrix would give priority from the date of its rendition in the distribution of the estate. The answer to this question would be that the priorities of creditors are fixed at the time of the death of the intestate, and this status of creditors can not be changed by

any action of an individual creditor, but each is entitled to the payment of his claim against the estate according to its priority as fixed at the time of the intestate's death. Code, § 113-1508; *Davis* v. *Smith,* 5 *Ga.* 274 (47 Am. D. 279) ; *Carter* v. *Penn,* 79 *Ga.* 747 (4 S. E. 896) ; *Third National Bank* v. *Strauss,* 135 *Ga.* 324 (3) (69 S. E. 482). As ruled in each of the above-cited cases, "Judgments obtained against an administrator after the death of his intestate rank no higher than the demands on which they are founded." In *Green* v. *Allen,* 45 *Ga.* 205 (2), and *Wooten* v. *Hartley,* 186 *Ga.* 639 (1) (198 S. E. 750, 121 A. L. R. 653), it was held: "In this State a creditor can not get a preferred lien on the assets of an estate as against other creditors of equal degree by getting the first judgment against the administrator." Another perplexing question is that if, for example, a temporary administrator of an estate sued to collect a claim of $100, and the person sued held a claim against the estate for an equal amount, it would seem like trifling with the law to require the person sued to suffer the rendition of a judgment in favor of the estate against him without being permitted to set off his claim of $100 and thus avoid a judgment against him. If it be said that a counterclaim to the extent of the amount sued for might be pleaded as a setoff, the question then arises as to whether or not the creditor thus sued, when presenting to the permanent administrator for payment the remainder of his claim in excess of the setoff, would be met with the legal situation that there had been a previous adjudication and that his claim was invalid. With full appreciation of these various troublesome questions, we are of the opinion that the conclusion we have reached is the only one that insures ultimate justice between the parties and before the law.

3. What we have just ruled relates solely to the liability of the estate. We are satisfied that under the law no such judgment can place a legal liability upon the individual who happens to be a temporary administrator. As a general rule, a judgment can place liability only upon the parties thereto. Under this rule, if a party to such a judgment is one in his representative capacity, the judgment is binding upon him as the representative, and not as an individual. Our Code, § 113-2110, provides an exception to this general rule and is applicable to executors and administrators. The administrator there referred to is a permanent administrator

and not a temporary administrator. This is made plain by the very terms of the statute, and the individual liability there provided for arises when none of the pleas mentioned is filed by the administrator, or if filed the finding is against it. In *Baumgartner v. McKinnon,* 137 *Ga.* 165, 166 (supra), it was held by this court that the pleas referred to in the statute could not be filed by a temporary administrator. It is obvious that a temporary administrator would not be in position to file such pleas, since he has no right to take over the real estate belonging to the estate, and there exists no reason or provision of law for his ascertaining the amount and nature of claims against the estate, and his sole duty is that of collecting in the personal property of the estate and preserving it. There is nothing in his duties that would enable him to ascertain the relative rank and priorities of creditors' claims, and certainly he could not be personally liable under such circumstances.

On application of the foregoing rule to the judgment against "Ellen K. Auld, as temporary administratrix of the estate of Gertrude Cox in her representative capacity," which the motion sought to modify or set aside, the said judgment was legal and constituted a valid judgment against the estate, and places no liability upon the temporary administratrix personally. Accordingly, the court did not err in denying the motion to modify or set aside the same.

*Judgment affirmed. All the Justices concur, except Jenkins, P. J., and Atkinson, J., who dissent.*

JENKINS, Presiding Justice, and ATKINSON, Justice, dissenting. We think that the functions of a temporary administrator are in the nature of a caretaker to hold and protect the estate to prevent waste pending the appointment of a permanent administrator, with the right and power to sue for the collection of debts or to recover personal property of the intestate; that—his function being thus prescribed, and his bond being limited to cover only twice the value of the personalty belonging to the estate, as distinguished from the bond of a permanent administrator who is required to give bond in double the amount of the entire estate, realty and personalty—he is unauthorized to represent so as to bind the estate in any counterclaim not purely defensive to any action which he is authorized to maintain; but that, upon the filing of a counterclaim seeking to set up a liability against the estate to which both its realty and personalty will be subjected, the action became auto-

50

matically stayed until a permanent administrator has qualified and given the bond required of him in accordance with law. In other words, it is our opinion that the power of a temporary administrator to conserve the estate by collecting debts and recovering personal property does not clothe him with power and authority to represent the estate in suits against it, even by way of counter-claim, which could set up and establish liabilities that might operate to establish claims against the estate such as might exhaust its assets both real and personal; especially so, since as temporary administrator the beneficiaries of the estate are unprotected against any possible malfeasance of a temporary administrator by any bond, save and except to the extent of twice the value of the personal property only. See generally *Baumgartner* v. *McKinnon,* 137 *Ga.* 165, 166 (supra).