BUIE *et al.*, executors, *et al. v.* WATERS *et al.*

No. 18104. ARGUED JANUARY 14, 1953—DECIDED FEBRUARY 24, 1953—
REHEARING DENIED MARCH 10, 1953.

610

*Hugh R. Kimbrough, Henry H. Durrence* and *George H. Lane,* for plaintiffs in error.

*J. P. Dukes, W. Roscoff Deal, C. L. Purvis, Ralph U. Bacon, B. H. Ramsey, W. G. Neville* and *Wm. J. Neville,* contra.

ALMAND, Justice. ■ A former recovery on grounds purely technical, and where the merits were not and could not have been in question, is not a bar to a subsequent action brought so as to avoid the objection fatal to the first. For the former judgment to be a bar, the merits of the case must have been adjudicated. Code, § 110-503. Where the court sustains a general demurrer on a ground that decides the merits of the case, the judgment can be pleaded in bar of another suit for the same cause of action. § 110-504. But where a general demurrer that does not go to the merits of the cause of action is sustained, the judgment will not be res adjudicata in a subsequent suit between the same parties on the same cause of action. *Papworth* v. *City of Fitzgerald,* 111 *Ga.* 54 (1) (36 S. E. 311). The grounds of the motion of the Brannens to strike the cross-action of the Buies in the Candler County suit did not challenge the legal sufficiency of the allegations to set

out a cause of action, but asserted that the matters sought to be pleaded were not germane to the relief sought in the action of the plaintiffs, Lloyd A. Brannen and Sam L. Brannen, which was a suit to set aside the judgment in the processioning case; and the court in its order sustaining the motion to strike the cross-petition (which is the order now pleaded as res adjudicata) recited that the motion was sustained because the matters set out in the cross-action were not germane to the relief sought by the Brannens. Consequently, the order of September 17, 1951, sustaining the Brannens' motion to strike the cross-action, not involving the merits of the cause of action of the plaintiffs, the Buies, in the pending suit in Bryan Superior Court, did not constitute a bar to the plaintiffs from proceeding with the suit in Bryan Superior Court; and it was error to sustain the plea of res adjudicata filed by the Brannens to the Bryan County suit on the ground that the judgment in Candler Superior Court striking the cross-action barred the plaintiffs, the Buies, from proceeding with the instant suit.

■ "A privy in estate is unaffected by a judgment adverse to his predecessor's title, if the suit in which the judgment was rendered was commenced after the predecessor had transmitted all his title." *Ruker* v. *Womack*, 55 *Ga.* 399 (2). One of the grounds of the motion of the defendant Waters to dismiss the Bryan County suit was that the Brannens, who had been vouched into the Bryan County suit on the motion of Waters, were parties to an action by the Buies in Candler County wherein the Buies had obtained a final judgment in a processioning action, establishing a property line between the parties; and that the Buies having obtained a favorable judgment in such proceedings, the matters therein determined were binding on them in the Bryan County suit. The answer to this contention is that the defendant Waters obtained by transfer the title and interest of I. A. Brannen to certain timber on April 9, 1949, and the action of the Buies against Sam and Lloyd Brannen was instituted in Candler County on August 13 thereafter. Consequently, even if it could be considered that Waters was in privity with Lloyd and Sam Brannen by virtue of the fact that the interest in the timber which Waters bought from I. A. Brannen was formerly owned by Sam and Lloyd Brannen,

Waters, not being a party to the processioning suit, would not be bound by the judgment rendered therein, because he acquired his interest in the timber prior to the institution of the processioning action. Therefore, the judgment rendered in the processioning action in favor of the Buies did not adjudicate any question affecting the title or interest in the timber that would be binding on the defendant Waters in the Bryan County suit.

The maintenance by the Buies of their action in Candler County to establish the line between their property and the property of Lloyd and Sam Brannen was not inconsistent with their suit for equitable relief and damages against the defendants in the Bryan County suit, and did not amount to an election of remedies. *Hartley* v. *Hartley,* 173 *Ga.* 710 (1) (161 S. E. 358). The judgment in favor of the Brannens on their motion to strike the cross-petition in the Candler County suit to set aside the judgment in the processioning proceeding, which resulted in favor of the Buies, not being res adjudicata of the suit of the Buies in Bryan County, would not estop them from proceeding with the Bryan County suit. An estoppel by judgment arises only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the former judgment to have been rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. *Sumner* v. *Sumner,* 186 *Ga.* 390 (2) (197 S. E. 833); *Thompson* v. *Thompson,* 199 *Ga.* 692 (1) (35 S. E. 2d, 262). The fact that the Buies, after they had filed their suit against Waters in Bryan County, seeking equitable relief and damages, brought a processioning proceeding against Sam and Lloyd Brannen in Candler County, did not require an election of remedies on their part as to which action they would pursue, neither the parties nor the causes of action being the same. Code, § 3-601; *Baker* v. *Davis,* 127 *Ga.* 649 (4) (57 S. E. 62). The prosecution to a conclusion of the Candler County processioning proceeding did not constitute an abandonment on the part of the Buies of their Bryan County suit.

The final judgment of the trial court of November 5, 1952, that the order overruling the plaintiffs' motion to strike the plea

of res adjudicata filed by the Brannens, and the order sustaining the motion of Waters to dismiss the case as to it, "is, and shall be construed, as a full and final determination of this case, and this case is, therefore, dismissed" as to all of the defendants, was error.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*